UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

SAJA KHALIL and DANA AYOUB,

Plaintiffs,

-against-

THE CITY OF NEW YORK and NYPD OFFICER JANE DOE 1,

Defendants.

---------------------------------------------------------------------- X

**ANSWER TO THE COMPLAINT**

26-CV-7252 (AT)

**Jury Trial Demanded**

Defendant City of New York, by its attorney Steven Banks, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admits that the City of New York entered into a Stipulation of Settlement on November 5, 2020.[1]

3. Denies the allegations set forth in paragraph "3" of the Complaint.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

---

[1] The Patrol Guide Procedure referenced by Plaintiffs in footnote 1 of their Complaint became effective on August 14, 2026.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiff purports to base venue as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the City of New York (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York, which maintains the New York City Police Department ("NYPD") by operation of law, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any unidentified officers set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified officer set forth in paragraph "12" of the Complaint.

13. The allegations set forth in paragraph "13" of the Complaint are legal conclusions to which no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiffs served

a Notice of Claim on the Comptroller's Office on August 26, 2025.

15. Admits the allegations set forth in paragraph "15" of the Complaint.

16. Admits the allegations set forth in paragraph "16" of the Complaint.

17. Paragraph "17" is a demand for a jury trial to which no response is required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. The allegations set forth in paragraph "24" of the Complaint are legal conclusions to which no response is required.

25. The allegations set forth in paragraph "25" of the Complaint are legal conclusions to which no response is required.

26. The allegations set forth in paragraph "26" of the Complaint are legal conclusions to which no response is required.

27. The allegations set forth in paragraph "27" of the Complaint are legal

conclusions to which no response is required.

28. The allegations set forth in paragraph "28" of the Complaint are legal conclusions to which no response is required.

29. The allegations set forth in paragraph "29" of the Complaint are legal conclusions to which no response is required.

30. The allegations set forth in paragraph "30" of the Complaint are legal conclusions to which no response is required.

31. The allegations set forth in paragraph "31" of the Complaint are legal conclusions to which no response is required.

32. The allegations set forth in paragraph "32" of the Complaint are legal conclusions to which no response is required.

33. The allegations set forth in paragraph "33" of the Complaint are legal conclusions to which no response is required.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiffs were transported to the NYPD's 26th Precinct.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “39” of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “40” of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “41” of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “42” of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “43” of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “44” of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “45” of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “46” of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “47” of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “48” of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “49” of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph “50” of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “51” of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “52” of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “53” of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “54” of the Complaint.

55. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph “55” of the Complaint regarding whether a religious belief is “sincerely held”, except admits that the NYPD maintains policies and procedures governing searches of people in custody.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “56” of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “57” of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “58” of the Complaint.

59. Denies the allegations set forth in paragraph “59” of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “60” of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. The allegations set forth in paragraph "74" of the Complaint are legal

conclusions to which no response is required.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. In response to the allegations set forth in paragraph "78" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80. The allegations set forth in paragraph "80" of the Complaint are legal conclusions to which no response is required.

81. The allegations set forth in paragraph "81" of the Complaint are legal conclusions to which no response is required.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. The allegations set forth in paragraph "86" of the Complaint are legal conclusions to which no response is required.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint,

Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. The allegations set forth in paragraph "91" of the Complaint are legal conclusions to which no response is required.

92. Denies the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint.

94. The allegations set forth in paragraph "94" of the Complaint are legal conclusions to which no response is required.

95. In response to the allegations set forth in paragraph "95" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

96. The allegations set forth in paragraph "96" of the Complaint are legal conclusions to which no response is required.

97. The allegations set forth in paragraph "97" of the Complaint are legal conclusions to which no response is required.

98. Denies the allegations set forth in paragraph "98" of the Complaint.

99. In response to the allegations set forth in paragraph "99" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

100. The allegations set forth in paragraph "100" of the Complaint are legal conclusions to which no response is required.

101. The allegations set forth in paragraph "101" of the Complaint are legal conclusions to which no response is required.

102. The allegations set forth in paragraph "102" of the Complaint are legal conclusions to which no response is required.

103. The allegations set forth in paragraph "103" of the Complaint are legal conclusions to which no response is required.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint, but admit that Plaintiffs purport to proceed as stated herein.

**AS AND FOR A FIRST DEFENSE / AFFIRMATIVE DEFENSE:**

107. The Complaint fails to state a claim upon which relief can be granted because, *inter alia*, there was probable cause to arrest Plaintiff.

**AS AND FOR A SECOND DEFENSE / AFFIRMATIVE DEFENSE:**

108. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD DEFENSE / AFFIRMATIVE DEFENSE:**

109. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of Defendant because Plaintiff actively resisted arrest and attempted to flee the scene when she was originally stopped.

**AS AND FOR A FOURTH DEFENSE / AFFIRMATIVE DEFENSE:**

110. To the extent force was used against Plaintiff, it was reasonable and justified under the circumstances.

**AS AND FOR AN FIFTH DEFENSE / AFFIRMATIVE DEFENSE:**

111. Plaintiff has failed to state a claim for municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

**AS AND FOR A SIXTH DEFENSE / AFFIRMATIVE DEFENSE**

112. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**AS AND FOR AN SEVENTH DEFENSE / AFFIRMATIVE DEFENSE:**

113. Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 5, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Third Floor
New York, New York 10007
Tel: (212) 356-2425

By: /s/ Mary K. Sherwood
Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation Division

To: All Counsel of Record *(by ECF)*